

# In the United States Court of Federal Claims

No. 22-133
(Filed: September 14, 2023)

**************************************

STACY WHEELER,      *

                               *

              Plaintiff,    *

                               *

        v.                 *

                               *

THE UNITED STATES,    *

                               *

             Defendant.   *

**************************************

Motion to Dismiss; RCFC 12(b)(1); Lack of Subject-Matter Jurisdiction; RCFC 12(b)(6); Failure to State a Claim; RCFC 52.1; Motion for Judgment on the Administrative Record; Army Board for Correction of Military Records; 10 U.S.C. §§ 1448(d), 1450(f)(3).

*Patrick J. Hughes*, Patriots Law Group of Lyons & Hughes, P.C., Suitland, MD, counsel for Plaintiff.

*Michael D. Austin*, U.S. Department of Justice, Civil Division, Washington, DC, counsel for Defendant. With whom was *Frederick S. Rudesheim*, Major, Judge Advocate, U.S. Army Legal Services Agency, of counsel.

## OPINION AND ORDER

**DIETZ, Judge.**

      Stacy Wheeler, the former spouse of deceased United States Army service member, Master Sergeant Joshua Wheeler ("MSG Wheeler"), sues the United States for coverage under the Armed Forces Survivor Benefit Plan ("SBP"), codified at 10 U.S.C. §§ 1447-1455. Before the Court are the government's motion to dismiss Stacy Wheeler's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") and the parties' cross-motions for judgment on the administrative record pursuant to RCFC 52.1. For the reasons stated below, the Court finds that it has subject-matter jurisdiction over the complaint, that Stacy Wheeler states a claim upon which relief may be granted, and that Stacy Wheeler is entitled to judgment on the administrative record. Accordingly, the Court **DENIES** the government's motion to dismiss, **DENIES** the government's motion for judgment on the administrative record, and **GRANTS** Stacy Wheeler's motion for judgment on the administrative record.

## I.     BACKGROUND

Stacy Wheeler married MSG Wheeler on July 19, 1998. AR 1.[1] The North Carolina Moore County District Court ("Moore County court") entered a judgment of divorce on October 25, 2011. AR 1-2. In the same order, the Moore County court noted, *inter alia*, that claims filed under a different case number (including those regarding MSG Wheeler's military pension) had been severed and preserved for later resolution. *See* AR 2. These claims were addressed by the Moore County court in a May 2, 2013, final consent order that provided as follows:

> A military pension division order [("MPDO")] shall be entered which allocates fifty percent (50%) of the marital portion of the Defendant's military retired pay to the Plaintiff with this order reflecting a date of marriage of July 19, 1998, a date of separation of July 22, 2010, and the Defendant's active duty military service beginning January 11, 1995. The marital portion shall be defined as a fraction whose numerator represents the number of months that the parties were married to and living with one another and the denominator being the total number of months of the Defendant's creditable military service. The Plaintiff may elect to receive SBP coverage for her portion of the military retirement but she shall be required to pay for such coverage. The Plaintiff's counsel shall prepare the MPDO.

AR 5. The order also stated that the Moore County court "retains jurisdiction over this matter to enter an MPDO[.]" AR 11.

On October 5, 2013, five months after the May 2, 2013, order, MSG Wheeler married Ashley Wheeler. Compl. [ECF 1] at 2.[2] Approximately two years thereafter, on October 22, 2015, MSG Wheeler was killed while serving in Iraq. *Id.* No MPDO had been entered as of that date. *Id.* Following MSG Wheeler's death, Ashley Wheeler, his surviving spouse, began receiving annuity payments under his SBP. *Id.*

On March 21, 2016, Stacy Wheeler moved to substitute Ashley Wheeler, the administrator of MSG Wheeler's estate, as the defendant in the Moore County court military pension case. AR 40. The court granted the motion on April 25, 2016. AR 100. On April 29, 2016, Stacy Wheeler moved for clarification of the Moore County court's May 2, 2013, final consent order. AR 102. On June 2, 2016, the Moore County court issued an order stating that "[i]t was the intent of the parties for Plaintiff to be the former-spouse [SBP] beneficiary of [MSG Wheeler]'s benefits." AR 110. However, the Moore County court noted that, due to faulty language, "[n]o duty to elect former spouse SBP coverage was stated in the May 2, 2013[,] Order and therefore, Plaintiff's SBP coverage automatically terminated upon the parties' divorce." *Id.* Accordingly, the Moore County court clarified the intent of the parties by adding the following language to the May 2, 2013, order: "**Plaintiff as the 'former spouse' is awarded the**

---

[1] The Court cites to the Administrative Record filed by the government at [ECF 9] as "AR ___."

[2] All page numbers in the parties' briefings refer to the page numbers generated by the CM/ECF system.

**survivor's benefits in Defendant's military retirement (SBP). Defendant will promptly elect former spouse survivor benefit plan coverage for Plaintiff.**" AR 111 (emphasis in original). The June 2, 2016, order also "authorize[d] Plaintiff to submit a 'deemed election' under 10 U.S.C. § 1450(f)(3)(A) [] to allow Plaintiff to obtain SBP coverage." *Id.*

On June 13, 2016, Stacy Wheeler submitted an "SBP Request for Deemed Election" to the Defense Finance and Accounting Service ("DFAS") for coverage under MSG Wheeler's SBP. AR 113-22. On January 31, 2017, Stacy Wheeler submitted a "Verification for Survivor Annuity" to initiate annuity payments. AR 123-25. On August 7, 2017, the DFAS denied her "request to be deemed as the former spouse beneficiary and to be paid an SBP annuity (in lieu of the surviving spouse Ashley Wheeler)." AR 128. Citing 10 U.S.C. § 1448(d)(3), the DFAS stated the following:

> In this case, on the date MSG Wheeler died, he had a surviving spouse, had not made an election for SBP coverage for his former spouse, was not under a court ordered obligation to make such an election and his former spouse has not requested a deemed election (nor would any such request, if made, have been honored given there was no SBP award in the court orders). As a result, MSG Wheeler's current spouse is the SBP beneficiary.

AR 129. The DFAS then explained that Stacy Wheeler could not rely on the Moore County court's June 2, 2016, order to deem her a "former spouse beneficiary under 10 U.S.C. § 1450(f)(3)." AR 130. According to the DFAS, because the annuity at issue was not an asset of MSG Wheeler's estate and because MSG Wheeler had no obligation to elect former spouse coverage, the benefit belonged to his surviving spouse as of the date of his death. *Id.*

On May 10, 2018, Stacy Wheeler applied to the Army Board for Correction of Military Records ("ABCMR") to have MSG Wheeler's record "corrected to reflect a timely election for former-spouse SBP coverage." AR 70. On December 23, 2020, the ABCMR denied her application. AR 67. The ABCMR noted that the law permits a former spouse to request a deemed election by submitting a request "within [one] year from the date of the court decree that awards the coverage." *Id.* It further explained that in this case, where the service member was killed in action and no SBP election and premium payments had been made, the SBP was therefore automatically awarded to the service member's surviving spouse. *Id.* Stacy Wheeler filed the instant case on February 9, 2022, requesting that the Court order the correction of MSG Wheeler's military records to reflect her entitlement to SBP coverage. [ECF 1] at 7-8.

On July 15, 2022, Stacy Wheeler filed a motion seeking judgment on the administrative record pursuant to RCFC 52.1(c). [ECF 10]. On August 12, 2022, the government filed a motion to dismiss Stacy Wheeler's complaint pursuant to RCFC 12(b)(1), arguing that she failed to file her complaint within the applicable statute of limitations and pursuant to RCFC 12(b)(6), arguing that she failed to satisfy the requirements for a deemed election. [ECF 11]. In the alternative, the government moved for judgment on the administrative record. *Id.* The parties' respective motions are fully briefed, and the Court held oral argument on June 27, 2023. *See* [ECF 18]. Shortly thereafter, the Court ordered supplemental briefing from each party to address new

arguments raised during oral argument. [ECF 19]. The parties filed their respective supplemental briefs and responses by August 11, 2023. Def.'s Suppl. Br. [ECF 22]; Pl.'s Suppl. Br. [ECF 23]; Pl.'s Resp. to Def.'s Suppl. Br. [ECF 24]; Def.'s Resp. to Pl.'s Suppl. Br. [ECF 27].

## II.     LEGAL STANDARDS

### A.     Motions to Dismiss

When the government moves to dismiss the complaint under Rule 12(b)(1), the plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Tolliver Grp., Inc. v. United States*, 20 F.4th 771, 775 (Fed. Cir. 2021). When considering such a motion, "this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor." *Cal. Dep't of Water Res. v. United States*, 128 Fed. Cl. 603, 609 (2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, the "court accepts only uncontroverted factual allegations as true for purposes of the motion." *U.S. Enrichment Corp. v. United States*, 121 Fed. Cl. 532, 534 (2015) (quoting *Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014)). "[D]isputed facts outside the pleadings are subject to the fact finding of the court." *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1355 (Fed. Cir. 2011). "Whether the court possesses jurisdiction to decide the merits of a case is a threshold matter." *Sandstone Assocs., Inc. v. United States*, 146 Fed. Cl. 109, 112 (2019) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998)). Thus, if the Court determines that it lacks subject-matter jurisdiction, it must dismiss the case. RCFC 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678; *see also Twombly*, 550 U.S. at 555 (requiring a pleading to offer "more than labels and conclusions"). Further, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, a plaintiff must plead sufficient factual matter to "raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

### B.     Motions for Judgment on the Administrative Record

A party may move for judgment on the administrative record pursuant to RCFC 52.1, under which a court "make[s] factual . . . findings from the record evidence as if it were conducting a trial on the record." *Bannum, Inc. v. United States*, 404 F.3d 1346, 1354 (Fed. Cir. 2005). The inquiry before the court is whether a decision-making body, "given all the disputed and undisputed facts appearing in the record, acted in a manner that complied with the legal standards governing the decision under review." *Williams v. United States*, 116 Fed. Cl. 149, 157 (2014). The Court reviews decisions by military correction boards under Administrative Procedure Act standards. *Walls v. United States*, 582 F.3d 1358, 1367 (Fed. Cir. 2009). Therefore, the court must determine whether a board's decision was "arbitrary, capricious,

unsupported by substantial evidence, or contrary to applicable statutes and regulations." *Melendez Camilo v. United States*, 642 F.3d 1040, 1044 (Fed. Cir. 2011) (quotation marks omitted). "The correction board's decision must also be sufficiently detailed for the court to ascertain the reasoning behind the denial of relief to the applicant." *Keller v. United States*, 113 Fed. Cl. 779, 786-87 (2013), *aff'd*, 565 F. App'x 873 (Fed. Cir. 2014) (citing *Buchanan v. United States*, 621 F.2d 373, 383 (Ct. Cl. 1980)). Further, a correction board's decision "may be reviewed for failure to correct plain legal error committed by the military," including "violation of statute, or regulation, or published mandatory procedure, or unauthorized act." *Dodson v. U.S. Gov't, Dep't of Army*, 988 F.2d 1199, 1204 (Fed. Cir. 1993) (quotation marks omitted). "[M]ilitary administrators are presumed to act lawfully and in good faith like other public officers, and the military is entitled to substantial deference in the governance of its affairs." *Id.*

## III.   DISCUSSION

Stacy Wheeler asserts that she is entitled to receive benefits under MSG Wheeler's SBP because she fully complied with the requirements for obtaining a deemed election set forth in 10 U.S.C. § 1450(f)(3) and timely submitted the necessary forms to the DFAS along with a copy of the Moore County court's June 2, 2016, order. [ECF 1] ¶ 27; AR 113-22. The government moves to dismiss Stacy Wheeler's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), arguing that she failed to file her complaint within the Court's six-year statute of limitations. [ECF 11] at 17-19. The government also asserts that Stacy Wheeler's complaint should be dismissed for failure to state a claim pursuant to RCFC 12(b)(6) because she failed to satisfy the requirements for obtaining a deemed election under MSG Wheeler's SBP. *Id.* at 19-20. In the alternative, the government argues that it is entitled to judgment on the administrative record because the ABCMR followed all applicable relevant authority and correctly decided that, as a matter of law, Stacy Wheeler was not entitled to the SBP annuity. *Id.* at 20-21. For the reasons explained below, the Court concludes that Stacy Wheeler's complaint is not barred by the statute of limitations and that it sufficiently states a claim for relief. The Court also concludes that Stacy Wheeler is entitled to judgment on the administrative record.

### A.   The Government's RCFC 12(b)(1) and 12(b)(6) Motions to Dismiss

The government argues that "[t]he Court should dismiss Ms. Wheeler's claims for lack of jurisdiction because she failed to file her complaint within the applicable statute of limitations." [ECF 11] at 17. The government also asserts that "[e]ven if this Court were to find that Ms. Wheeler has timely filed her complaint, Ms. Wheeler would still not be entitled to any relief" because "she fails to allege she has done what is necessary to establish a deemed election." *Id.* at 19. Upon review of the complaint and the relevant statutes, the Court finds that Stacy Wheeler timely filed her complaint and adequately stated a claim upon which relief can be granted.

"The Tucker Act authorizes certain actions for monetary relief against the United States to be brought in the Court of Federal Claims." *Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003) (*en banc*). However, any claim over which this Court has jurisdiction under the Tucker Act "shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. A claim accrues "when all events have occurred that are necessary to enable the plaintiff to bring suit." *Martinez*, 333 F.3d at 1303. Regarded as a

"condition of the government's waiver of sovereign immunity[,]" *id.* at 1336, this six-year statute of limitations creates a "jurisdictional prerequisite" to bringing suit in the Court of Federal Claims. *John R. Sand & Gravel Co. v. United States*, 457 F.3d 1345, 1355 (Fed. Cir. 2006). In other words, a claim that is not brought within six years after it accrues must be dismissed for lack of subject matter jurisdiction. *See id.* (holding that the Court of Federal Claims lacked jurisdiction to hear a claim filed outside of the statute of limitations); *Goodrich v. United States*, 434 F.3d 1329, 1336 (Fed. Cir. 2006) (affirming the Court of Federal Claim's dismissal of a claim for lack of jurisdiction under the statute of limitations).

The government contends that Stacy Wheeler's claim accrued on October 22, 2015—the day MSG Wheeler died—and thus, her complaint is untimely because it was filed on February 9, 2022, more than six years later. [ECF 11] at 18. The government explains that "an SBP annuity becomes 'due and payable' the day after an eligible service member dies[.]" *Id.* (quoting *Hart v. United States*, 910 F.2d 815, 818 (Fed. Cir. 1990)). Thus, according to the government, "an eligible service member's death is 'the last event which fixed the liability of the Government and entitled the claimant to institute an action.'" *Id.* (quoting *Hart*, 910 F.2d at 818). In response, Stacy Wheeler contends that her claim accrued, at the earliest, on June 2, 2016—the date the Moore County court issued its clarifying order. Pl.'s Resp. to Def.'s Mots. to Dismiss, or in the Alternative, its Cross-Mot. for J. on the Admin. R. [ECF 14] at 3.[3] Stacy Wheeler explains that she "had yet to possess a court order requiring the award of the SBP to her . . . which was not issued until June 2, 2016." *Id.* at 4 (emphasis omitted).

The Court finds that Stacy Wheeler's claim accrued on June 13, 2016, the day she submitted her written request for a deemed election to the DFAS. Section 1448(d)(3) of Title 10 of the United States Code provides that the Secretary shall pay an annuity to a former spouse if the Secretary receives a written request from the former spouse in accordance with 10 U.S.C. § 1450(f)(3). Section 1450(f)(3) provides the following:

> (3) Required former spouse election to be deemed to have been made.--
>
> > (A) Deemed election upon request by former spouse.--If a person described in paragraph (2) or (3) of section 1448(b) of this title is required (as described in subparagraph (B)) to elect under section 1448(b) of this title to provide an annuity to a former spouse and such person then fails or refuses to make such an election, such person shall be deemed to have made such an election if the Secretary concerned receives the following:
> >
> > > (i) Request from former spouse.--A written request, in such manner as the Secretary shall prescribe, from the former spouse concerned requesting that such an election be deemed to have been made.

---

[3] In her complaint, Stacy Wheeler stated that her claim accrued on August 7, 2017, the date the DFAS denied her claim. [ECF 1] ¶ 4.

> (ii) Copy of court order or other official statement.--
> Either--
>
>> (I) a copy of the court order, regular on its face, which requires such election or incorporates, ratifies, or approves the written agreement of such person; or
>>
>> (II) a statement from the clerk of the court (or other appropriate official) that such agreement has been filed with the court in accordance with applicable State law.

On June 13, 2016, Stacy Wheeler complied with section 1450(f)(3) when she submitted a copy of the Moore County court's June 2, 2016, clarifying order to the DFAS along with a written request that a deemed election be made under MSG Wheeler's SBP. *See* AR 44. Therefore, the government's alleged liability to Stacy Wheeler for benefits under MSG Wheeler's SBP was fixed and her claim accrued on June 13, 2016. Accordingly, the complaint—which Stacy Wheeler filed on February 9, 2022—was timely because it was filed within the six-year statute of limitations.

The Court is not persuaded by the government's argument that Stacy Wheeler's claim accrued on the day of MSG Wheeler's death. In support of this position, the government cites *Hart*. [ECF 11] at 18. In *Hart*, a three-judge panel of the United States Court of Appeals for the Federal Circuit held that the spouse of a deceased retired service member became eligible to receive his SBP annuity benefits under 10 U.S.C. § 1450(a)(1) on the day after his death. 910 F.2d at 818. The court concluded that because, "on the day after [the service member's] death, all events fixing the government's liability to his widow had occurred," the surviving spouse had six years from that date to bring a timely claim under the Tucker Act. *Id.* at 817-18. In this case, however, the event necessary to establish the government's potential liability to Stacy Wheeler, his former spouse, did not occur until June 13, 2016, when she submitted her written request for a deemed election pursuant to section 1450(f)(3).

Additionally, the Court finds that the instant complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face under RCFC 12(b)(6). Stacy Wheeler alleges that she is a former spouse of MSG Wheeler and that she satisfied the requirements of section 1450(f)(3) by submitting a request for a deemed election in writing within one year of the Moore County court's June 2, 2016, order. [ECF 1] ¶ 27. She therefore alleges that she is entitled to coverage under MSG Wheeler's SBP. *Id.* at 7. Accepting Stacy Wheeler's allegations as true, as the Court must, the Court finds that her claim to relief is plausible on its face. *See Iqbal*, 556 U.S. at 677-78 (stating that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Twombly*, 550 U.S. at 570)).

### B.      The Parties' Cross-Motions for Judgment on the Administrative Record

Stacy Wheeler asserts that "if [a service member] dies while on active duty before becoming eligible to participate in the SBP, and a court order or spousal agreement requires the [service member] to provide the annuity to [a former spouse], the Service Secretary may not pay an annuity to a surviving spouse and shall pay the annuity to the [former spouse] as long as all the requirements of 10 U.S.C. § 1448(d)(3) are met." [ECF 10] at 7-8. She further asserts:

> [W]hen a deemed election is implicated because [a service member] has not elected the [former spouse] either because he failed or refused, or because of his untimely death, 10 U.S.C. § 1450(f)(3)(C) requires that the [former spouse] make the request to deem an election 'within one year of the date of the court order or filing' that required the [service member's] election for the [former spouse] to receive his SBP.

*Id.* at 8. She argues that, because the Moore County court's June 2, 2016, order awarded her survivor benefits, and because she complied with the requirements of 10 U.S.C. § 1450(f)(3), she is entitled to receive benefits under MSG Wheeler's SBP. *Id.* at 26. Thus, she contends that the ABCMR "did not properly interpret, characterize, or apply the 'public law' on which it relied, rendering its decision arbitrary, capricious, unsupported by substantial evidence, and contrary to law." *Id.* at 16.

The government counters that the ABCMR made its decision under the applicable authority. [ECF 11] at 21. In the government's view, "the issue is not which of two orders triggers the time limit . . . but whether Ms. Wheeler has such an order at all at the time of MSG's Wheeler's death." *Id.* at 23. Citing section 1448(d), the government argues that "Ms. Wheeler did not obtain a court order by the date on which payability was established by law, *i.e.,* the day following MSG Wheeler's death." *Id.* "[B]ecause MSG Wheeler was killed in action on active duty and no SBP elections had been made at the time," the government continues, "his SBP coverage was automatically awarded to his surviving spouse, Ashley Wheeler, by operation of law," as "required by 10 U.S.C. § 1450(a)(1) and 10 U.S.C. § 1448(d)." *Id.* at 24.

The Court finds that the ABCMR's denial of Stacy Wheeler's requested relief was arbitrary, capricious, and contrary to the applicable statutes. In the Record of Proceedings ("ROP"), the ABCMR provided the following rationale for its decision:

> After reviewing the application, all supporting documents, and the evidence found within the military record, the Board found that relief was not warranted. The applicant's contentions, the military record, and regulatory guidance were carefully considered. The [former service member] was killed in action while on active duty. Therefore, no SBP election and premium payments were made, as it was automatically awarded to his current spouse. The Board understands the widow agreed to allow the applicant to receive SBP

>  payments. However, based upon public law, the Board determined
>  the request is not authorized.

AR 207. The ABCMR's conclusion that Stacy Wheeler's request for a deemed election is not authorized because MSG Wheeler was killed in action and, at the time of his death, no SBP election had been made is inconsistent with the applicable statutes.

Section 1450(a) states that, "[e]ffective as of the first day after the death of a person to whom section 1448 of this title applies," a monthly annuity shall be paid to the person's beneficiaries under the SBP, which may include "[t]he eligible surviving spouse or the eligible former spouse." 10 U.S.C. §§ 1450(a), (a)(1). Section 1448(d)(1) provides that the Secretary shall pay an annuity under this subchapter to the surviving spouse of a member who dies while on active duty. Accordingly, upon MSG Wheeler's death, Ashley Wheeler was eligible to receive a SBP annuity as his surviving spouse, and the Secretary paid her such annuity. [ECF 1] at 2. However, under section 1448(d)(3), if a member described in section 1448(d)(1):

> is required under a court order or spousal agreement to provide an annuity to a former spouse upon becoming eligible to be a participant in the Plan or has made an election under subsection (b) to provide an annuity to a former spouse, the Secretary—
>
> (A)  may not pay an annuity under paragraph (1) or (2); but
>
> (B)  shall pay an annuity to that former spouse as if the member had been a participant in the Plan and had made an election under subsection (b) to provide an annuity to the former spouse, or in accordance with that election, as the case may be, if the Secretary receives a written request from the former spouse concerned that the election be deemed to have been made in the same manner as provided in section 1450(f)(3) of this title.

Here, the Moore County court clarifying order required that MSG Wheeler elect to provide an annuity under the SBP to Stacy Wheeler. AR 46. Upon receipt of this order, Stacy Wheeler submitted a written request for a deemed election with a copy of the Moore County court clarifying order as provided in section 1450(f)(3). Therefore, Stacy Wheeler complied with the statutory requirements for a deemed election under section 1450(f)(3).

Although the government contends that Stacy Wheeler's non-eligibility to receive benefits as a former spouse under MSG Wheeler's SBP was permanently established at the time of his death, nothing in the relevant statutes precludes the Secretary from paying the annuity to her, even though the Secretary initially paid the annuity to Ashley Wheeler. To the contrary, while section 1448(d)(1) instructs that the Secretary "shall pay an annuity . . . to the surviving spouse" of a service member who dies while on active duty, section 1448(d)(3)(B) instructs that, if the Secretary receives a written request from the former spouse that a deemed election be made, the Secretary "may not pay an annuity" to the surviving spouse and "shall pay an annuity

to that former spouse[.]" Neither section 1448 nor section 1450 requires that the written request for a deemed election be received prior to the death of the service member.

Further, the Court is not persuaded by the authority cited by the government in its supplemental brief.[4] Therein, the government cites a Department of Defense ("DoD") Financial Management Regulation for the proposition that "[w]hile there is nothing on the face of [10 U.S.C. § 1450](f)(3)(C) limiting the effectiveness of the court order [that requires a service member to elect to provide an annuity to his or her former spouse], any right to alter the lawful beneficiary must be initiated prior to the death of the service member." [ECF 22] at 4 (citing DoD 7000.14-R, FMR, Vol. 7B, Ch. 43, § 430504.C.4 (Dep't of Defense Apr. 2015)). The regulation provides:

> If a member dies before making an election, a former spouse's request, which is otherwise qualified, shall be honored even if the date of the request is after the date of the member's death. However, if the request for a court order was initiated with the court after the member's death, the order will not be honored.

FMR 430504.C.4. The government argues, citing to section 1448(d)(1), that "[t]here was . . . no court-ordered requirement on MSG Wheeler to elect former spouse SBP coverage at the time of his death" and, therefore, "the surviving spouse, not . . . Stacy Wheeler, is the lawful recipient of the SBP annuity." [ECF 22] at 3. The regulation, however, is not applicable here, because the court order which sought to impose such a requirement, although clarified after the member's death, was *initiated prior to the member's death*. Section 1450(f)(3)(C) only requires that the former spouse submit a request for a deemed election "within one year of the date of the court order or filing involved." Stacy Wheeler complied with this requirement by submitting a written request for a deemed election within one year of the date of the Moore County court clarifying order.

In sum, despite the fact that Stacy Wheeler had not submitted a request for a deemed election at the time of MSG Wheeler's death, nothing in the statute precluded her from doing so once she received the Moore County court's clarifying order. In its denial of Stacy Wheeler's request, the ABCMR failed to provide any discussion or rationale in support of its conclusion that because MSG Wheeler's SBP benefits were initially awarded to Ashley Wheeler (his

---

[4] Stacy Wheeler also filed a supplemental brief to which she attached a 2001 report authored by the DoD Joint SBP board ("the SBP board), a working group tasked by Congress to report on the Uniformed Services Former Spouses' Protection Act. *See* Ex. 1 to Pl.'s Suppl. Br. [ECF 23-1]. In the report, the SBP board opined as follows:

> The board also sees, as an area for possible future legislation, limiting the time period available for a former spouse to pursue modification to a divorce decree. At present, this can occur many years after the date of the original decree—which can result in coverage being shifted from a current spouse to a former spouse— even after a member's death.

*Id.* at 66. While not dispositive to this case, it appears that, in 2001, the SBP board determined that the law permits former spouses of service members to seek a deemed election even after the death of the service member and even after the service member's annuity has already been awarded to a surviving spouse.

surviving spouse), they could not later be awarded to Stacy Wheeler (his former spouse) under the deemed election provisions in § 1448(d)(3). There is therefore no basis for the ABCMR's conclusion that Stacy Wheeler's request "is not authorized."

## VI.    CONCLUSION

For the reasons stated above, the government's motion to dismiss or, in the alternative, for judgment on the administrative record, [ECF 11], is **DENIED**, and Stacy Wheeler's motion for judgment on the administrative record, [ECF 10], is **GRANTED**. The matter is **REMANDED** to the ABCMR to reconsider Stacy Wheeler's request for a deemed election consistent with this decision. Pursuant to RCFC 52.2, the Court provides the following remand instructions:

1.    The remand period **SHALL TERMINATE** on **December 15, 2023**, and proceedings in this case are **STAYED** until that date. If the ABCMR fails to issue its decision by the termination of the remand period, the parties shall file motions with the Court pursuant to RCFC 52.2(c).

2.    The parties **SHALL FILE** a joint status report every 45 days advising the Court of the status of the proceedings on remand.

3.    The ABCMR **SHALL** promptly forward by email its decision to Stacy Wheeler's counsel of record and to counsel of record for the United States and shall also forward two copies to the Clerk of the Court pursuant to RCFC 52.2(d).

4.    Stacy Wheeler and the government shall each file a notice within **30 days** of the ABCMR's decision, pursuant to RCFC 52.2(e)(1), stating whether such actions afford a satisfactory basis for the disposition of the case and whether the parties require further proceedings before the Court.

The Clerk is **DIRECTED** to serve a certified copy of this Order and Opinion on the Army Board for Correction of Military Records at the following address:

Department of the Army
Army Review Boards Agency
251 18th Street South, Suite 385
Arlington, VA 22202-3531

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge

11